SAMUEL B. GILPATRICK *versus* CITY OF BIDDEFORD.

R. S., c. 18, § 62,* assumes the existence of a way or bridge in actual use for travel.

It was not the intention of this section to authorize street commissioners, on their own motion, to bind their town or city, by constructing a way in whole or in part where none previously existed.

ON EXCEPTIONS, from *Nisi Prius*, BARROWS, J., presiding.

CASE, for damages caused by a defect in a highway. The verdict was for the plaintiff. The facts appear in the opinion.

*J. M. Goodwin*, for the defendants.

*T. M. Hayes*, for the plaintiff.

* See opinion.

Gilpatrick *v.* City of Biddeford.

APPLETON, C. J. — The plaintiff while travelling over an alleged highway in the defendant city received an injury in consequence of a defect therein.

It appeared that the way in question had never been located. The plaintiff claimed to hold the city of Biddeford responsible by virtue of R. S., 1857, c. 18, § 62, in these words : — " When it appears, on trial of any such action or indictment, that the party defendant has, within six years before the injury, made repairs on the way or bridge, it shall not be competent for him to deny the location thereof."

This section assumes the existence of a way or bridge in actual use for travel. It relates not to the original making of the road, but to its subsequent reparation.

In this case the counsel for the defendant requested the presiding Judge to instruct the jury " that the street commissioners entering upon land reserved by private individuals for a way and constructing or partially constructing a road or way where none existed before, would not be making repairs upon a way within the meaning of the statute."

This instruction the presiding Judge declined to give. The denial of this requested instruction was erroneous. The object of § 62 was to obviate the necessity of strict proof of the location of a way and to estop the town from denying such location, however defective, if it had made repairs thereon, and that this estoppel should be binding upon it for the term of six years. It gave no new powers to the officers of the town in regard to the location of highways. It assuredly was not the intention of this section to authorize highway surveyors or street commissioners, on their own motion, to bind the town or city by which they were elected, by constructing a way in whole or in part where none previously existed.          *Exceptions sustained.*

*New trial granted.*

CUTTING, KENT, WALTON, DICKERSON and DANFORTH, JJ., concurred.